BENJAMIN B. WAGNER
United States Attorney
CHRISTOPHER S. HALES
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700



FILED

JAN 23 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. 2:11-cr-00431 DAD |
|---|---|
| Plaintiff, | ) [~~PROPOSED~~] ORDER TO DISMISS |
| v. | ) INFORMATION WITHOUT PREJUDICE |
|   | ) AND VACATE STATUS CONFERENCE |
| RONNIE MILES REED, | ) |
| Defendant. | ) |

Upon motion by the United States, to which the defendant has stipulated in light of the deferred prosecution agreement entered by the parties, and good cause appearing, it is hereby ordered that the Information in this case be dismissed without prejudice, and that the status conference scheduled for January 24 at 10 a.m. be vacated.

IT IS SO ORDERED.

Dated: January 23, 2012

_____
HON. DALE A. DROZD
United States Magistrate Judge

1  BENJAMIN B. WAGNER
   United States Attorney
2  CHRISTOPHER S. HALES
   Special Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2700

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,      ) No. 2:11-cr-00431 DAD
                                  )
12         Plaintiff,              ) NOTICE OF MOTION AND
                                  ) STIPULATED MOTION TO DISMISS
13                                ) INFORMATION WITHOUT PREJUDICE
                                  ) AND VACATE STATUS CONFERENCE
14    v.                          )
                                  )
15 RONNIE MILES REED,             ) DATE: January 24, 2012
                                  ) TIME:  10:00 a.m.
16         Defendant.              ) JUDGE: Hon. Dale A. Drozd
                                  )
17 _____)

18 TO THE COURT, THE DEFENDANT, AND THE DEFENDANT'S ATTORNEY OF
19 RECORD:
20      The United States gives notice that it will and hereby does
21 move to dismiss the Information in this matter without prejudice.
22 The United States through its undersigned attorney, and the
23 defendant through his undersigned attorney, have reached a
24 deferred prosecution agreement that is filed herewith as an
25 attachment.  The defendant through his attorney has informed the
26 government that it does not oppose this motion to dismiss without
27 prejudice.
28 //

1     The parties further jointly request that the court vacate
2 the status conference currently scheduled for January 24, 2012
3 at 10 a.m.

4 Dated: January 23, 2012      BENJAMIN B. WAGNER
                                        United States Attorney
5
                                        /s/ Christopher S. Hales
6                                         CHRISTOPHER S. HALES
                                        Special Assistant U.S. Attorney
7

8 Dated: January 23, 2012      /s/ Linda C. Harter (as
                                        authorized on 1/23/12)
9                                         LINDA C. HARTER
                                        Assistant Federal Defender
10                                         Counsel for Defendant

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

```
BENJAMIN B. WAGNER
United States Attorney
CHRISTOPHER S. HALES
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RONNIE MILES REED,<br><br>  Defendant. | No. 2:11-cr-00431 DAD<br><br>[PROPOSED] ORDER TO DISMISS INFORMATION WITHOUT PREJUDICE AND VACATE STATUS CONFERENCE |

Upon motion by the United States, to which the defendant has stipulated in light of the deferred prosecution agreement entered by the parties, and good cause appearing, it is hereby ordered that the Information in this case be dismissed without prejudice, and that the status conference scheduled for January 24 at 10 a.m. be vacated.

IT IS SO ORDERED.

Dated: January 23, 2012

---

HON. DALE A. DROZD
United States Magistrate Judge



**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney*
*Eastern District of California*

*Benjamin B. Wagner*
*United States Attorney*

| | |
|---|---|
| 501 I Street, Suite 10-100 | Phone 916/554-2700 |
| Sacramento, CA 95814 | Fax   916/554-2900 |
| | TTD  916/554-2855 |

January 23, 2012

**VIA EMAIL**

LINDA HARTER & ANTHONY DANIELSON
Office of the Federal Defender
801 I Street, 3rd Floor
SACRAMENTO, CA 95814
Linda_Harter@fd.org; Anthony_Danielson@fd.org

   Re: *United States v. Ronnie Miles Reed*
       *No. 2:11-cr-00431 DAD*

Dear Ms. Harter and Mr. Danielson:

   This letter sets forth the terms of the deferred-prosecution agreement between the United States and Ronnie Miles Reed in the above-referenced matter as follows:

### DEFERRED PROSECUTION AGREEMENT

   1. On September 30, 2011, the defendant, Ronnie Miles Reed, was charged by Information with a violation of Title 18, United States Code, Section 641, for theft of United States government property from October 2006 through February 2009 ("Period of Offense") in the form of Supplemental Security Income and Social Security Disability Insurance benefits to which he was not entitled, because he had additional income during that time period from paid work that he did not report. It appears after an investigation of the offense, that the interest of the United States, and Mr. Reed's interest, and thus the interest of justice, will be served by the following agreement.

   2. In exchange for the defendant entering into this deferred prosecution agreement, the United States Attorney's Office for the Eastern District of California ("USAO") will move

Deferred Prosecution Agreement
U.S. v. Reed - 2:11-cr-00431 DAD
January 23, 2012
Page 2 of 6

to continue the filed charges and will defer prosecution against Mr. Reed on those charges for three(3) years from January 23, 2012, provided that Mr. Reed abides by the conditions and requirements set forth below and agrees to appear in court as directed should he violate any of the conditions.

    3. Should Mr. Reed violate any of the conditions of this agreement, the United States Attorney's Office has the sole discretion to revoke or modify any conditions of this deferred prosecution agreement. The United States Attorney's Office may at any time within the three (3) year period reinitiate prosecution for this offense and any other offense arising out of conduct occurring within the aforementioned Period of Offense should the conditions of this agreement be violated. If the USAO decides to revoke, modify, or prosecute, the defendant will be furnished with notice specifying which conditions of this agreement have been violated.

    4. If Mr. Reed remains in compliance with all of the terms and conditions of this agreement for three (3) years ending January 23, 2015, no prosecution for the offense charged in the Information in this matter will be pursued, even if Mr. Reed continues to owe any portion of the $33,448.24 currently owed to the government.

    5. The Social Security Administration is hereby recognized a third-party beneficiary to this Deferred Prosecution Agreement and shall have the rights to seek specific performance of the Agreement, and to use the Agreement as a defense to any claim by Mr. Reed for a decrease in the monthly amounts withheld by the Social Security Administration from any Supplemental Security Income and Social Security Disability Insurance benefits otherwise payable to him. The rights of the Social Security Administration as a third-party beneficiary under this Agreement survive beyond the three (3) year term specified in Paragraph 4 above, and terminate only when the full amount of $33,448.64 has been recovered.

Deferred Prosecution Agreement
U.S. v. Reed - 2:11-cr-00431 DAD
January 23, 2012
Page 3 of 6

## I.  CONDITIONS

A. Ronnie Miles Reed agrees actively to seek reinstatement of his Supplemental Security Income and Social Security Disability Insurance benefits;

B. Ronnie Miles Reed agrees that in repayment for amounts that should not have been paid to him during the Period of Offense, the Social Security Administration may retain 80% of all Supplemental Security Income otherwise payable to him, until such time as specified in Condition D below;

C. Ronnie Miles Reed agrees that in repayment for amounts that should not have been paid to him during the Period of Offense, the Social Security Administration may retain up to $336.90 monthly from any Social Security Disability Insurance otherwise payable to him, until such time as specified in Condition D below.

D. Ronnie Miles Reed agrees that Conditions A through C above shall remain in effect until the total amount recovered by the Social Security Administration pursuant to these conditions is $33,448.24;

E. Ronnie Miles Reed agrees that Conditions A through D above remain binding on him and shall remain in effect until the total amount recovered by the Social Security Administration pursuant to these conditions is $33,448.24, notwithstanding the termination of any other part of this agreement;

F. Ronnie Miles Reed shall not violate any federal, state, or local law;

G. Ronnie Miles Reed, through his attorney, shall inform the Misdemeanor Unit of the United States Attorney's Office for the Eastern District of California if he is found to be in violation of any federal, state or local law;

H. Ronnie Miles Reed, through his attorney, shall notify the Misdemeanor Unit of the United States Attorney's Office for

Deferred Prosecution Agreement
U.S. v. Reed - 2:11-cr-00431 DAD
January 23, 2012
Page 4 of 6

the Eastern District of California of any permanent change in residence within 15 days of the change in residence; and

I. Ronnie Miles Reed, through his attorney, shall inform the Misdemeanor Unit of the United States Attorney's Office for the Eastern District of California of the commencement of any employment for which he receives pay of any kind within 15 days of starting such employment.

## II.   DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

I, Ronnie Miles Reed, admit that from October 2006 through February 2009 ("Period of Offense") I received Supplemental Security Income and Social Security Disability Insurance benefits totaling $45,859 to which I was not entitled, because during that time I was employed and receiving income through my lawn care and landscaping business "Keep it Green Clean & More," which I did not report. I knew that it was wrong to work and receive Supplemental Security Income and Social Security Disability Insurance benefits at the same time.

I also assert and certify that I am aware that the Sixth Amendment to the United States Constitution provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the court may dismiss an information for unnecessary delay in filing an information or in bringing a defendant to trial. I also am aware that under the Speedy Trial Act, Title 18, United States Code, Section 3161(c)(1), the court may dismiss an information if trial is not commenced within seventy (70) days of the date of filing of the information.

I hereby request the Misdemeanor Unit of the United States Attorney's Office for the Eastern District of California to defer prosecution of the charges filed in United States v. Ronnie Miles Reed, No. 2:11-cr-00431 DAD. I agree and consent that any delay caused by this deferred prosecution shall be deemed necessary delay, and I waive any defense to such prosecution on the ground that such delay operated to deny my

Deferred Prosecution Agreement
U.S. v. Reed - 2:11-cr-00431 DAD
January 23, 2012
Page 5 of 6

rights to a speedy trial under Rule 48(b) of the Federal Rules of Criminal Procedure, and the Sixth Amendment of the Constitution, and my rights under the Speedy Trial Act, or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement. I also agree and consent that by signing this agreement, time is excluded under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(2), during the pendency of this deferred prosecution.

    I hereby state that the above has been read to me in its entirety by my attorney. I understand the conditions of my deferred prosecution and agree that I will comply with them. I have considered this Deferred Prosecution Agreement carefully and reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. No other promises or inducements have been made to me, other than those contained in this Agreement. In addition, no one has threatened or forced me in any way to enter into this Deferred Prosecution Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 1/23/11        By: *Ronnie Reed*
                          RONNIE MILES REED
                          Defendant

//
//
//
//
//
//
//
//
//
//
//

Deferred Prosecution Agreement
U.S. v. Reed - 2:11-cr-00431 DAD
January 23, 2012
Page 6 of 6

    I have read this Deferred Prosecution Agreement and have discussed it fully with my client. I have read the agreement in its entirety to my client and explained every part of it to my client. The Deferred Prosecution Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to agree to the terms as set forth in this Deferred Prosecution Agreement.

DATED: 1/23/12

DANIEL BRODERICK
FEDERAL DEFENDER

By: _____
LINDA C. HARTER
Assistant Federal Defender
Attorney for Ronnie M. Reed

I accept and agree to this Deferred Prosecution Agreement on behalf of the United States Attorney's Office for the Eastern District of California.

DATED: 1/23/12

BENJAMIN B. WAGNER
United States Attorney

By: _____
CHRISTOPHER S. HALES
Special Assistant U.S. Attorney